INHABITANTS OF LOWER ALLOWAYS CREEK *v.* RICHARD MOORE AND OTHERS.

A judgment or verdict on the merits in a personal action, is a bar not only to the same party, but to his executors and administrators, and all others, who were parties or privies to that judgment; hence if a Constable be sued before a Justice, for an alleged neglect of duty, and has judgment in his favor, such judgment constitutes a good plea in bar to an action brought against him and his sureties, upon his bond to the Inhabitants of the township, as Constable.

This was an action of debt commenced in this Court, in the term of November, 1834. The opinions delivered at this term of the court, disclose the nature of the pleadings and the question raised by the demurrer. The demurrer was argued at a special term of this court, held at Camden, in the county of Gloucester, in June 1835.

*Jeffers* and *Chapman,* for plaintiffs.

*R. P. Thompson* and *Macculloch,* for defendants.

HORNBLOWER, C. J.    This is an action on a Constable's bond, given by Moore, one of the defendants, and his sureties, pursuant to the 58th *Section* of the act constituting courts for the trial of small causes. *Rev. Laws,* 644. The declaration is general, on the bond. The defendants after craving oyer, and setting out the bond and condition, pleaded performance in the words of the condition. The plaintiffs then reply, and assign for breach:—1st, That on the 7th April 1832, David Bowen, jr. recovered judgment before John W. Maskell, a Justice of the Peace, against W. Blackstone, for $10.07 debt, and $1.39 costs —that on the 2d day of July 1832, an execution in the usual form, was sued out upon that judgment, and delivered to the defendant Moore, to be by him executed according to law; and that he neither seized upon the goods and chattels of the defendant Blackstone, nor took his body in execution, though he might have done so, nor made return of the said writ, as he ought to have done—and 2dly, That the Constable Moore, made or collected the money on the said execution, but had neglected to pay over the same to the plaintiff Bowen, or to the Justice. To this second breach, the defendants have rejoined, denying the receipt on the execution, and have put themselves upon the country. To the first breach assigned, the defendants rejoin,

Inhabitants of Lower Alloways Creek *v.* Moore and Al.

that on the 2d day of October 1832, and before the commencement of this action, the said Bowen sued Moore in an action of debt, before Henry H. Elwell, a Justice of the Peace, for neglect of his duty as a Constable, and after setting out *in hæc verba,* the state of demand filed in that case, avers that that action is upon the same execution, and that the neglects of duty complained of by Bowen in that suit, are the same neglects which the plaintiffs have assigned for breaches in this case, and that upon a trial had in that cause, before the said Justice Elwell, judgment was rendered for the defendant Moore, with costs. To this rejoinder, the plaintiffs have put in a general demurrer, and the defendants have joined in demurrer.

We are called upon by these pleadings, to determine whether the matters contained in the defendants' rejoinder to the first assignment of breaches, constitute a legal defence to this action so far as it is founded on those breaches.

And that they do so, I cannot entertain a doubt.

The 32d *Section* of the act, *Rev. Laws,* 639, gives to the plaintiff in execution, an action of debt against a Constable, who shall neglect to perform any of the duties required of him by law, in respect of such execution: in which action, the plaintiff may recover the debt, damages and costs, due to him thereon. When such an action is brought and a trial had, the judgment, whether for the plaintiff or defendant, is conclusive between the parties, and while it remains unreversed, a bar to any other action for the same matter. The rule of law is, *nemo debet bis vexari pro eadem causa;* and it is strictly applicable to this case; for where one is barred in *action,* by judgment on demurrer, confession, verdict, &c. he is barred as to that or the like action, of the like nature, for the *same thing,* forever. *Hitchen* v. *Campbell,* 2 *Bl. R.* 827; 3 *Wils. R.* 304; *Verra's case,* 6 *Co.* 7; *Cro. Eliz.* 667; *Sparry's case,* 5 *Co.* 61.

It was said on the argument, that a judgment to operate as an estoppel, must be between the same parties. But that is not so. It is sufficient, if the form of action, and the parties are substantially the same, provided the action is *for the same thing.* *Adams* v. *Barnes,* 17 *Mass. R.* 365. The law recognises the real parties. *Aslin* v. *Parkin,* 2 *Burr.* 665; 1 *Stark. on Evid.*

*Part. 2d, sect.* 61, *fol.* 163, *and notes.* Who is the real plaintiff in this action? Most certainly Bowen. The Inhabitants of the township of Lower Alloways Creek, are mere nominal parties, and have no more interest in the suit, than John Den has in an ejectment. Who then is the real defendant?— Undoubtedly Moore. He must respond, not only to the plaintiff, but if a recovery is had, to his co-defendants, who are his sureties. What is the cause of action here? What the injury complained of? What the evidence necessary to maintain the action?—Precisely in every particular the same, as in the action before the justice. It is not *res inter alios acta*— but between the same parties substantially, and for the same identical thing. If judgment had passed against Moore, in the action before the justice, it would have been conclusive in an action on the bond—and could not have been questioned, even by the securities, except for fraud or covin.

The case of *Lansing* v. *Montgomery,* 2 *Johns. R.* 382, cited by the plaintiffs' counsel, was very different. The action was for a trespass; and the defendants severed in their pleas. Besides, the record pleaded in bar, was denied, and issue was taken thereon. In this case, the judgment is admitted by the demurrer. I am clearly of opinion, the defendants must have judgment on the demurrer.

Ford, J. The Inhabitants of Lower Alloways Creek, declare in debt on a bond, with condition that Richard Moore, shall truly and faithfully perform the duties enjoined on him as *Constable;* and assign for breaches of duty, that David Bowen having a certain execution against one William Blackstone, delivered it to the Constable to be executed according to law; and that the said Constable did not levy it on that defendant's goods, though they were shown to him; neither did he take the body of that defendant in execution, though he could have done so; and that he did not make return of his proceedings on said execution, to the Justice within thirty days, &c.

The defendants rejoin, that after David Bowen had been aggrieved in the manner supposed, he impleaded the said Constable, in the court for the trial of small causes before Henry H. Elwell, Esq. Justice, in an action of debt for $20, for the *same*

*supposed neglects*, on the *same execution*, between the *same parties*, and that the Justice, after trying the cause and hearing the alleged complaints, rendered a final judgment in favor of the said Constable, with costs, against the said David Bowen *as appears of record;* whereupon they pray judgment, if the Inhabitants of the township ought to have action against them for the same, &c.

The Inhabitants demur to this rejoinder, and the sole question is, whether *they* are barred by the judgment, against *David Bowen*, on the same complaints.

It was resolved in *Co.* 7, *Fener's case*, that when a person is barred by judgment or verdict, on the merits, in a personal action, he is barred for the same matter forever, &c. It becomes a bar not only to the same party but to his executors and administrators, and all others, who were parties or privies to that judgment. *Locke* v. *Nocborne*, 3 *Mod.* 142; *Hudson* v. *Robinson*, 4 *Maul. and Selw.* 875; 1 *Starkie on Evid.* 192.

Now there is an evident privity in *law*, between the Inhabitants of the township, and a person injured by the neglect of a Constable, which privity is created by the statute. *Rev. Laws*, 644. The 55th Section directs the Constable to enter into an obligation to the Inhabitants, with a condition faithfully to perform the duties of his office; but by the 58th Section the Inhabitants are to hold it—"*for and in behalf, and to the use of those who shall sustain loss by the misconduct of the Constable.*" The Inhabitants can make no profit out of this bond, because whatever they recover is for the use and benefit of the person injured; neither can the Inhabitants lose any thing by it, for they are to be indemnified against costs, in case the action should fail. *Rev. Laws*, 645, *Section* 59. They are no more in this case than *trustees* for David Bowen; while he is the *cestuy que trust*, the person substantially interested in the present action, just as much as he was in the action before the Justice, and is entitled by law to all that shall be recovered in it. The *cestuy que trust is* the real party. *Calhoun's lessee* v. *Dunning*, 4 *Dal.* 120. So is the lessor of the plaintiff in ejectment, although they are nominally different persons. 2 *Burr.* 668; *Bul.* 232. David Bowen is as substantially a

party in this action, as he was in the action before the Justice, and consequently both he and the Inhabitants, are barred by the former judgment. Therefore in this case, judgment must be rendered for the defendants.

RYERSON, J. This is an action on what is commonly called a Constable's bond; after *oyer*, the defendants have pleaded a general performance. The plaintiff replied, setting out distinct breaches of duty, on one writ of execution. The defendants have rejoined, a former action brought for neglect of duty, on the same writ of execution, in a court for the trial of small causes, in favor of the plaintiff in that execution, and against the defendant Moore, the Constable; trial thereon, and judgment in favor of the defendant. To this rejoinder, there is a demurrer and joinder in demurrer.

On the part of the plaintiff, it is objected that the record pleaded, is between other parties—and who are not privies to each other, or to the action.

That it is not a judgment on the same point or points, and *therefore* no bar.

In answer to the first objection, it may be remarked, that it would indeed be a strange sacrifice of right to technicality, if the Constable on a fair trial, before a competent tribunal, being expressly acquitted of all neglect of duty on this very execution, should nevertheless, be liable *himself*, and also his sureties, to be again questioned about the same matter, and subjected to the hazards of a new trial, before a court no more competent, in a legal point of view, to decide the matter, than the one before which the trial has already been had. The mere presentation of this proposition, must, as it seemed to me, carry conviction to every man's common sense. But I can perceive no technicality that interferes with the conclusion. The parties if not the same, are privies in interest. This action does not arise on the bond; but from neglect of duty, without which the bond has no obligatory force. The plaintiffs here have sustained no injury. They are only suing as trustees for the benefit of Bowen the original plaintiff, who is shown to have sustained no damage. If *he* has no cause of action, they have none. I cannot well conceive of a stronger case of direct privity in

Inhabitants of Lower Alloways Creek *v.* Moore and Al.

interest, and to the action. And again, it is not alleged that these defendants have done any wrong, but only Moore their principal. If he is not liable, they are not liable. They are really defending him, who must answer over to them. But it is shown that he has no need of defence; for he has already defended himself against this complaint. How then can these plaintiffs be otherwise than privy to this defence, and the action in which it was made?

But it is again said, the point is not the same. The real point in both, is the liability of the Constable Moore, to pay the plaintiff Bowen, the amount of the debt and costs required to be made by the execution, by reason of some neglect on the part of Moore. The matter involved in each action, was neither more nor less than this. This question, in such form as the plaintiff has thought proper to present it, has been settled against him, and he has no right by our law to re-try it. It is true, breaches are assigned in somewhat different form. In the first action there were—1st, neglect to levy; 2d, neglect to take the body; 3d, neglect to make return. In this action, the breaches assigned are—1st, neglect to take the body; 2d, to make a levy, or inventory; 3d, to make return; 4th, to pay over the money. The breaches were in substance the same in both actions, except as to the last which is not found in the first complaint. But I think this does not vary the right of the parties, for the reason before suggested. If a plaintiff has reason to complain of an officer for neglect of duty on a writ of execution, and brings his action and omits to assign any breaches which had really occurred, and proceeds to final judgment, the breaches not declared on, must in law, be considered as waived. Otherwise he may have three, four or more successive actions, when one could and ought to have answered the purpose; and all seeking to recover the same thing. There can be no such splitting up of one cause of action, in our law. And what is more, where the Constable, as he well may, has been guilty of three or four distinct breaches, on the same execution, he may have, if the plaintiffs are right in their present argument, as many different actions proceeding against him, at the same time,

Inhabitants of Lower Alloways Creek *v.* Moore and Al.

and as many different judgments, all carrying costs, before different courts. This proposition could not be tolerated.

On the argument, 5 *Binney*, 184, was cited, to show that the Sheriff's sureties in his bond, are not concluded by a judgment against *him*, for a breach of duty. Whatever the law may be in Pennsylvania, we constantly receive from the Common Pleas, their judgment of amercement against a Sheriff, as plenary evidence against his sureties, on a motion for an assessment on their bond. And admitting that they might be permitted to controvert it, or to object to its being received, under some circumstances; yet it is a different case from one, where, on full and fair trial, the Sheriff had been acquitted of all blame. It could not be tolerated, that where there was a failure in a direct action or proceeding against him, to establish his liability, you might accomplish the object, by a collateral proceeding on his bond.

And it is further said, that as if there had been judgment against the Constable, it could not be pleaded in bar on this second action; neither can it now. But in this case, it is a second action for the same cause; in the other case supposed, it is not to be regarded so much a new action for the same cause of action, as a pursuit of the first, by a collateral proceeding, not to re-try the right, but to obtain satisfaction of the first judgment. In the same manner, as bail cannot be proceeded against, if their principal be acquitted, but may, if he be condemned.

I am therefore of opinion, judgment must be rendered for the defendant.

*Judgment for defendant.*